FILED
January 05, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003995228

4

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, California 95353
Telephone (209) 521-8100
Facsimile (209) 524-8461
E-mail: carl@cwcollinslaw.com

Attorney for Trustee
Michael D. McGranahan

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re: | Case No: 10-94467 |
| Tina M. Brown, | Chapter 7 Case |
| P.O. Box 3931<br>Sonora, CA 95370 | DC No. CWC-2 |
| S.S. xxx-xx-6906 | Date: February 22, 2012<br>Time: 10:30 a.m.<br>Place: Modesto Courtroom<br>Department D |
| Debtor. | |

**MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE**

To: The Honorable Ronald H. Sargis, U.S. Bankruptcy Judge:

    The Chapter 7 Trustee, Michael D. McGranahan, respectfully moves the Court pursuant to 11 U.S.C. § 542 for an order requiring the Debtor to turn over property of the estate and in support of this motion, respectfully represents:

    1.  This Court has jurisdiction of this matter under 28 U.S.C. Sections 1334 and 157(a).

    2.  On November 12, 2010, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code, in the above-entitled Court. Michael D. McGranahan is the duly appointed Trustee in the case.

3. On or about September 19, 2011, the Trustee discovered that the Debtor and her ex-spouse had obtained an Order entered on August 29, 2011 in Tuolumne County Superior Court, Case No. FL9718 which dissolved the marriage and divided the marital community property of the parties. This state court Order was entered without the knowledge of the Trustee and without prior approval of the Bankruptcy Court. The Trustee notified counsel for the parties that such community property was property of the bankruptcy estate and that the Order was in violation of 11 U.S.C. § 362(a) and void as a matter of law. Subsequently, the parties stipulated to amending the state court Order in setting aside the division of marital property but retaining the dissolution of marriage. Such Stipulation and Order was entered on November 17, 2011 in the state court case.

4. The Trustee is informed and believes and therefore alleges that among the assets which constitute property of the bankruptcy estate is the following community property now in possession of the Debtor as identified in the state court Order:

    a. Real property located in San Felipe, Mexico;

    b. $22,205.58 in cash awarded to the Debtor in the state court Order and held in the attorney/client trust account of the ex-spouse's counsel; and

    c. 2006 Harley Davidson Screaming Eagle motorcycle.

5. The Trustee through his counsel has made written demand upon the Debtor on September 19, 2011 and November 9, 2011 for turnover of the above-described assets as property of the bankruptcy estate.

6. In response to the Trustee's written demands, the Debtor

has indicated that the $22,205.58 in cash has either been spent by the Debtor on post-petition living expenses and/or is subject to a claimed exemption. The Debtor's Bankruptcy Schedule B, Paragraph 35, separately identifies and discloses the $22,205.58. However, the Debtor's Bankruptcy Schedule C does not claim these funds as exempt property. The Debtor has also indicated an interest in purchasing the 2006 Harley Davidson Screaming Eagle motorcycle from the bankruptcy estate. While the Debtor has listed this vehicle in her Schedule B, Paragraph 25 with a value of $18,775, the vehicle has not been turned over to the Trustee so that it's current fair market value can be determined. The Debtor's Bankruptcy Schedule A lists the real property located in San Felipe, Mexico with a value of $45,000. However, the Debtor has not responded to the Trustee's request for all documentation establishing title, location, property taxation and outstanding indebtedness regarding such property.

7. The Debtor has failed and/or refused to reply to the Trustee's demands for turnover of these assets.

8. The Trustee believes that the loss to the bankruptcy estate incurred as a result of the Debtor's failure to turnover the above-described assets is $85,980.58.

WHEREFORE, the Trustee prays that the Court enter an order:

1. That within five (5) calendar days of entry of this Court's Order, the Debtor surrender and deliver possession to the Trustee the following property:

a. all documentation establishing title, location, property taxation and outstanding indebtedness regarding the real property located in San Felipe, Mexico;

b.  $22,205.58 in cash awarded to the Debtor in the state court Order; and

    c.  the 2006 Harley Davidson Screaming Eagle motorcycle, including all documentation establishing title and outstanding indebtedness regarding the vehicle.

The pending matter qualifies as a contested matter under Federal Rule of Bankruptcy Procedure ("FRBP") 9014. FRBP 9014(c) provides that a bankruptcy court may direct that one or more rules in the FRBP 7000 series shall apply in a contested matter. Accordingly, the Trustee requests that this court direct that FRBP 7070 applies in this contested matter;

    2.  That in the event that such property of the estate is not timely surrendered, judgment be entered in favor of the Trustee and against the Debtor in the sum of $85,980.58 together with costs incurred herein; and

    3.  For such other further relief as the court deems just and proper.

Dated: 1-4-12                    Respectfully Submitted,

                                 Law Office of Carl W. Collins

                                 _____
                                 Carl W. Collins, Esq.
                                 Attorney for Trustee