**FILED**

**January 05, 2012**

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003995235

**32**

1  Carl W. Collins (State Bar No. 109282)
   Attorney at Law
2  1127-12th Street, Suite 202
   P.O. Box 3291
3  Modesto, California 95353
   Telephone: (209) 521-8100
4  Facsimile: (209) 524-8461

5  Facsimile (209) 524-8461
   E-mail: carl@cwcollinslaw.com
6
7  Attorney for Trustee
   Michael D. McGranahan

8

9            IN THE UNITED STATES BANKRUPTCY COURT

10           FOR THE EASTERN DISTRICT OF CALIFORNIA

11                     (Modesto Division)

12  In re:                    ) Case No: 10-94467
                              )
13  Tina M. Brown,            ) Chapter 7 Case
                              )
14  P.O. Box 3931             ) DC No. CWC-2
    Sonora, CA 95370          )
15                            )
    S.S. xxx-xx-6906          )Date: February 22, 2012
16                            )Time: 10:30 a.m.
              Debtor.         )Place: Modesto Courtroom
17  _____)      Department D

18           **LIST OF EXHIBITS IN SUPPORT OF**

19  **MOTION TO COMPEL TURNOVER OF PROPERTY OF THE ESTATE**

20  Exhibit 1 - Order entered on August 29, 2011 in
    Tuolumne County Superior Court, Case No. FL9718  . . . . .  2-18
21
22  Exhibit 2 - Trustee's turnover demand correspondence of
    September 19, 2011 . . . . . . . . . . . . . . . . . . . 19-23
23
    Exhibit 3 - Debtor's responses to Trustee's
24  demand letter of September 19, 2011  . . . . . . . . . . 24-26

25  Exhibit 4 - Trustee's turnover demand correspondence of
    November 9, 2011 . . . . . . . . . . . . . . . . . . . . 27-29
26
    Exhibit 5 - Debtor's responses to Trustee's
27  demand letter of November 9, 2011  . . . . . . . . . . . 30-32

28

    LIST OF EXHIBITS IN SUPPORT OF
    MOTION TO COMPEL TURNOVER OF
    PROPERTY OF THE ESTATE

FL-190

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
HAL B. CHANNELL, ESQ.
SBN 119281
77 Linoberg Street
Sonora, CA  95370
TELEPHONE NO.: (209) 532-8399          FAX NO. *(Optional)*: (209) 532-2021
E-MAIL ADDRESS *(Optional)*:  channell@mlode.com
ATTORNEY FOR *(Name)*:  TIMOTHY BROWN

**FOR COURT USE ONLY**

# FILED

**AUG 29 2011**

Superior Court of California
County of Tuolumne
By: *Vicki F. Boone* Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF          TUOLUMNE
STREET ADDRESS: 41 W. Yaney Avenue
MAILING ADDRESS: 41 W. Yaney Avenue
CITY AND ZIP CODE: Sonora, CA  95370
BRANCH NAME:
PETITIONER: TIMOTHY BROWN

RESPONDENT: TINA BROWN

| NOTICE OF ENTRY OF JUDGMENT | CASE NUMBER:<br>FL9718 |
| --- | --- |

You are notified that the following judgment was entered on *(date)* :          AUG 29 2011

1. ☐ Dissolution
2. ☐ Dissolution - status only
3. ☐ Dissolution - reserving jurisdiction over termination of marital status or domestic partnership
4. ☐ Legal separation
5. ☐ Nullity
6. ☐ Parent-child relationship
7. ☒ Judgment on reserved issues
8. ☐ Other *(specify)* :

Date:  AUG 29 2011                    TUOLUMNE COUNTY SUPERIOR COURT
                                      *Vicki F. Boone*
                  Jeanne Caughell, Clerk, by _____ , Deputy

-NOTICE TO ATTORNEY OF RECORD OR PARTY WITHOUT ATTORNEY-

Under the provisions of Code of Civil Procedure section 1952, if no appeal is filed the court may order the exhibits destroyed or otherwise disposed of after 60 days from the expiration of the appeal time.

STATEMENT IN THIS BOX APPLIES ONLY TO JUDGMENT OF DISSOLUTION

Effective date of termination of marital or domestic partnership status *(specify)* :
WARNING: Neither party may remarry or enter into a new domestic partnership until the effective date of the termination of marital or domestic partnership status, as shown in this box.

## CLERK'S CERTIFICATE OF MAILING

I certify that I am not a party to this cause and that a true copy of the *Notice of Entry of Judgment* was mailed first class, postage fully prepaid, in a sealed envelope addressed as shown below, and that the notice was mailed          AUG 29 2011

at *(place)* :  SONORA                          , California, on *(date)* :
                                                  TUOLUMNE COUNTY SUPERIOR COURT
Date:  AUG 29 2011          Jeanne Caughell,      Clerk, by  *Vicki F. Boone* _____ , Deputy

Name and address of petitioner or petitioner's attorney
TIMOTHY BROWN
c/o Hal B. Channell, Esq.
77 Linoberg Street
Sonora, CA  95370

Name and address of respondent or respondent's attorney
TINA BROWN
c/o Michael Goss, Esq.
1119 Twelfth Street
Modesto, CA  95354

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
FL-190 [Rev. January 1, 2005]

**NOTICE OF ENTRY OF JUDGMENT**
(Family Law-Uniform Parentage-Custody and Support)

Family Code, §§ 2338, 7636, 7637
*www.courtinfo.ca.gov*

Martin Dean's
ESSENTIAL FORMS™

**FL-180**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

HAL B. CHANNELL, ESQ.
SBN 119281
77 Linoberg Street
Sonora, CA  95370
TELEPHONE NO.:  (209) 532-8399      FAX NO.(Optional):  (209) 532-2021
E-MAIL ADDRESS (Optional):  channell@mlode.com
ATTORNEY FOR (Name):  TIMOTHY BROWN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF      TUOLUMNE
STREET ADDRESS: 41 W. Yaney Avenue
MAILING ADDRESS: 41 W. Yaney Avenue
CITY AND ZIP CODE: Sonora, CA  95370
BRANCH NAME:

**FILED**

AUG 29 2011

Superior Court of California
County of Tuolumne
By: _Vicki F. Boone_ Clerk

MARRIAGE OF
PETITIONER: TIMOTHY BROWN

RESPONDENT: TINA BROWN

**JUDGMENT**

☑ DISSOLUTION    ☐ LEGAL SEPARATION    ☐ NULLITY

☐ Status only
☐ Reserving jurisdiction over termination of
   marital or domestic partnership status
☑ Judgment on reserved issues
Date marital or domestic partnership status ends:

CASE NUMBER:
FL9718

1. ☐ This judgment ☐ contains personal conduct restraining orders ☐ modifies existing restraining orders.
   The restraining orders are contained on page(s) _____ of the attachment. They expire on *(date):*

2. This proceeding was heard as follows: ☐ Default or uncontested ☑ By declaration under Family Code section 2336
   ☐ Contested
   a. Date:
   b. Judicial officer *(name):*  JAMES A. BOSCOE                    Dept.: TWO      Room:
   c. ☐ Petitioner present in court            ☐ Attorney present in court *(name):*      ☐ Temporary judge
   d. ☐ Respondent present in court          ☐ Attorney present in court *(name):*
   e. ☐ Claimant present in court *(name):*                                                ☐ Attorney present in court *(name):*
   f. ☐ Other *(specify name):*

3. The court acquired jurisdiction of the respondent on *(date):* 3/4/10
   a. ☑ The respondent was served with process.
   b. ☐ The respondent appeared.

**THE COURT ORDERS, GOOD CAUSE APPEARING**

4. a. ☐ Judgment of dissolution is entered. Marital or domestic partnership status is terminated and the parties are restored to the
        status of single persons
        (1) ☐ on *(specify date):*
        (2) ☐ on a date to be determined on noticed motion of either party or on stipulation.
   b. ☐ Judgment of legal separation is entered.
   c. ☐ Judgment of nullity is entered. The parties are declared to be single persons on the ground of *(specify):*

   d. ☐ This judgment will be entered nunc pro tunc as of *(date):*
   e. ☑ Judgment on reserved issues.
   f. The ☐ petitioner's ☐ respondent's former name is restored *(specify):*
   g. ☐ Jurisdiction is reserved over all other issues, and all present orders remain in effect except as provided below.
   h. ☐ This judgment contains provisions for child support or family support. Each party must complete and file with the court a
        *Child Support Case Registry Form* (form FL-191) within 10 days of the date of this judgment. The parents must notify the
        court of any change in the information submitted within 10 days of the change, by filing an updated form. The *Notice
        of Rights and Responsibilities-Health Care Costs and Reimbursement Procedures and Information Sheet on Changing a
        Child Support Order* (form FL-192) is attached.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-180 [Rev. January 1, 2007]

Maris Davis
ESSENTIAL FORMS™

**JUDGMENT**
(Family Law)

Family Code, §§ 2024, 2340,
2343, 2346
www.courtinfo.ca.gov

FL-180

| CASE NAME *(Last name, first name of each party):* | CASE NUMBER: |
|---|---|
| BROWN - Tim and Tina | FL9718 |

**4.** *(Cont'd.)*

  i. ☐ A settlement agreement between the parties is attached.

  j. ☑ A written stipulation for judgment between the parties is attached.

  k. ☐ The children of this marriage or domestic partnership.

   (1) ☐ The children of this marriage or domestic partnership are:

   Name                                    Birthdate

   (2) ☐ Parentage is established for children of this relationship born prior to the marriage or domestic partnership.

  l. ☐ Child custody and visitation are ordered as set forth in the attached

   (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

   (2) ☐ *Child Custody and Visitation Order Attachment* (form FL-341).

   (3) ☐ *Stipulation and Order for Custody and/or Visitation of Children* (form FL-355).

   (4) ☐ other *(specify):*

  m. ☐ Child support is ordered as set forth in the attached

   (1) ☐ settlement agreement, stipulation for judgment, or other written agreement.

   (2) ☐ *Child Support Information and Order Attachment* (form FL-342).

   (3) ☐ *Stipulation to Establish or Modify Child Support and Order* (form FL-350).

   (4) ☐ other *(specify):*

  n. ☑ Spousal or partner support is ordered as set forth in the attached

   (1) ☑ settlement agreement, stipulation for judgment, or other written agreement.

   (2) ☐ *Spousal, Partner, or Family Support Order Attachment* (form FL-343).

   (3) ☐ other *(specify):*

   NOTICE: It is the goal of this state that each party will make reasonable good faith efforts to become self-supporting as provided for in Family Code section 4320. The failure to make reasonable good faith efforts may be one of the factors considered by the court as a basis for modifying or terminating spousal or partner support.

  o. ☑ Property division is ordered as set forth in the attached

   (1) ☑ settlement agreement, stipulation for judgment, or other written agreement.

   (2) ☐ *Property Order Attachment to Judgment* (form FL-345).

   (3) ☐ other *(specify):*

  p. ☐ Other *(specify):*


Each attachment to this judgment is incorporated into this judgment, and the parties are ordered to comply with each attachment's provisions.

Jurisdiction is reserved to make other orders necessary to carry out this judgment.

Date:

**AUG 2 3 2011**

*James A. Boscoe*

JUDICIAL OFFICER

**5.** Number of pages attached: __TWELVE__

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

---

**NOTICE**

Dissolution or legal separation may automatically cancel the rights of a spouse or domestic partner under the other spouse's or domestic partner's will, trust, retirement plan, power of attorney, pay-on-death bank account, transfer-on-death vehicle registration, survivorship rights to any property owned in joint tenancy, and any other similar thing. It does not automatically cancel the rights of a spouse or domestic partner as beneficiary of the other spouse's or domestic partner's life insurance policy. You should review these matters, as well as any credit cards, other credit accounts, insurance policies, retirement plans, and credit reports, to determine whether they should be changed or whether you should take any other actions.

A debt or obligation may be assigned to one party as part of the dissolution of property and debts, but if that party does not pay the debt or obligation, the creditor may be able to collect from the other party.

An earnings assignment may be issued without additional proof if child, family, partner, or spousal support is ordered.

Any party required to pay support must pay interest on overdue amounts at the "legal rate," which is currently 10 percent.

PAGE 4

## STIPULATION FOR JUDGMENT

It is hereby stipulated by and between the parties hereto that Judgment may be entered as follows:

1. Petitioner agrees to pay to Respondent the sum of THREE HUNDRED DOLLARS ($300.00) per month in and for spousal support for twelve (12) months beginning the month after the execution of this stipulated Judgment. Spousal support shall terminate absolutely after twelve (12) months and each waives the right ever to obtain spousal support from the other. Both parties understand that by waiving spousal support, they will never be able to return to court to request spousal support ever again, regardless of any change of circumstances that may occur. This waiver is knowingly, intelligently, and voluntarily made. This waiver of spousal support was carefully bargained for by the parties and they understand the ramifications of the waiver.

2. Petitioner shall be responsible for attorney fees to respondent up to $6,000.00. Petitioner's attorney shall forward a check to Michael Goss from the money being held in his trust account in the approximate sum of $22,205.58. The attorney fees payable by petitioner to respondent shall be in the sum of $5,499.48 as agreed to by the parties. This sum will be paid at a reasonable rate by petitioner to respondent.

3. Each party is awarded the miscellaneous items of personal property now in his or her possession except for those items previously agreed to be exchanged as shown in the attached property list marked Exhibit "A". Exhibit "A" was agreed to in court and approved by the parties. A further division of personal property is as follows and shall occur on or before August 23, 2011:

a. Petitioner will be awarded the Harley Davidson red Fat Boy;

b. Respondent will receive the Harley Davidson Screaming Eagle;

STIPULATION FOR JUDGMENT                    Page - 1 -

COPY

c. Petitioner will be awarded the 2010 Chevrolet Silverado pickup;

d. The black cargo trailer will be awarded to petitioner;

e. Respondent will be awarded the jewelry in the safety deposit box;

f. Respondent will be awarded the money in Petitioner's attorney trust account with an approximate value of $22,205.58 minus the $6,000.00 paid to respondent's attorney;

g. Each party shall be awarded the washer and dryer in their possession;

h. Petitioner shall be awarded the dining room set in his possession;

i. Respondent shall be awarded the bedroom set currently located at the High School Road property'

4. Petitioner will be awarded the real property located at 17480 High School Road, Jamestown, Tuolumne County, California. Petitioner shall assume the two mortgages on the real property. Petitioner shall also be awarded the Mexico real property. Respondent shall execute any documents necessary for the transfer of the above real properties to petitioner.

With regard to all property assigned under this Agreement, except as may otherwise be specifically provided in this Agreement, the assignee spouse assumes all encumbrances and liens on the property and agrees to indemnify and hold the other party free and harmless from any claim or liability that the other party may suffer or may be required to pay because of those encumbrances or liens, including the payment of reasonable attorney fees.

The party assigned an insured asset shall, as of the effective date of this Agreement, receive the benefits and protections of that insurance, shall be considered the owner of the insurance policy, and shall pay all policy premiums coming due on and after that date, for so long as the policy is maintained in force. A party assigned insured property must notify

STIPULATION FOR JUDGMENT          Page - 2 -

the insurance carrier for the property concerning the change in ownership within 30 days

after the execution of this Agreement.

5.  The division of the property and debts of the parties is a fair and equitable

division of the marital assets and obligations.

6.  The court shall reserve jurisdiction over all executory provisions of this

Stipulated Judgment.

DATED:  8-22-11            , 2011.

TIMOTHY BROWN
Petitioner

DATED:  8/21/11           , 2011.

TINA BROWN
Respondent

DATED:  8/22             , 2011.

HAL B. CHANNELL
Attorney for Petitioner

DATED: _____, 2011.

MICHAEL GOSS
Attorney for Respondent

STIPULATION FOR JUDGMENT        Page - 3 -

1    the insurance carrier for the property concerning the change in ownership within 30 days

2    after the execution of this Agreement.

3

4         5. The division of the property and debts of the parties is a fair and equitable

5    division of the marital assets and obligations.

6         6. The court shall reserve jurisdiction over all executory provisions of this

7    Stipulated Judgment.

8

9    DATED: _____, 2011.

10                                          _____
                                            TIMOTHY BROWN
11                                          Petitioner

12   DATED: _____, 2011.

13                                          _____
                                            TINA BROWN
14                                          Respondent

15

16   DATED: _____, 2011.

17                                          _____
                                            HAL B. CHANNELL
                                            Attorney for Petitioner

18

19   DATED: __19 Aug__, 2011.

20                                          _____
                                            MICHAEL GOSS
                                            Attorney for Respondent

21

22

23

24

25

26

27

28

STIPULATION FOR JUDGMENT          Page - 3 -

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address);* TELEPHONE NO:<br>HAL CHANNELL<br><br>ATTORNEY FOR *(Name):* Petitioner | FOR COURT USE ONLY |
|---|---|
| DATE OF MARRIAGE:<br>DATE OF SEPARATION:<br>DATE OF SETTLEMENT OR TRIAL: | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| PROPOSED DIVISION OF COMMUNITY PROPERTY | CASE NUMBER: FL9718<br>MARRIAGE OF: BROWN |

### Property Division - Fair Market Value

| Item Description | Current Fair Market Value | Encumbrance (Debt) | Equity | Community Property to Husband | Community Property to Wife |
|---|---|---|---|---|---|
| HIGH SCHOOL ROAD<br><br>property reserved for a later hearing | Unknown | 0 | 0 | 0 | 0 |
| MEXICO PROPERTY<br><br>to be sold and proceeds divided equally | Unknown | 0 | 0 | 0 | 0 |
| SAUNA - W | 1,000 | 0 | 1,000 | 0 | 1,000 |
| SAUNA - H | 1,000 | 0 | 1,000 | 1,000 | 0 |
| TANNING BED | 1,000 | 0 | 1,000 | 1,000 | 0 |
| BOW FLEX | 1,000 | 0 | 1,000 | 1,000 | 0 |
| BOW FLEX ELLIPTICAL | 400 | 0 | 400 | 0 | 400 |
| TV WALL MOUNT | 20 | 0 | 20 | 0 | 20 |
| MIRROR - DB | 15 | 0 | 15 | 15 | 0 |
| PICTURES - DB | 15 | 0 | 15 | 0 | 15 |
| 3 TIER SHELF | 5 | 0 | 5 | 0 | 5 |
| MOTORCYCLE GEAR - W | 1,000 | 0 | 1,000 | 0 | 1,000 |
| MOTORCYCLE GEAR - H | 1,000 | 0 | 1,000 | 1,000 | 0 |
| PEDDLE BIKE - W | 250 | 0 | 250 | 0 | 250 |
| PEDDLE BIKE - H | 250 | 0 | 250 | 250 | 0 |
| LADDERS<br><br>ONE EACH | 0 | 0 | 0 | 0 | 0 |
| FREEZER | 25 | 0 | 25 | 25 | 0 |
| STEAM CLEANER -W | 1 | 0 | 1 | 0 | 1 |
| DEEPER FRYER - W | 25 | 0 | 25 | 0 | 25 |
| DEEP FRYER - H | 25 | 0 | 25 | 25 | 0 |
| FOLDING TABLE AND CHAIRS | 10 | 0 | 10 | 0 | 10 |
| WICKER STAND | 15 | 0 | 15 | 0 | 15 |
| SWIVEL MIRROR | 10 | 0 | 10 | 0 | 10 |
| PICTURES (BATHROOM) | 15 | 0 | 15 | 15 | 0 |
| WESTERN MIRROR | 75 | 0 | 75 | 0 | 75 |
| WATER FORD GLASSES | 100 | 0 | 100 | 0 | 100 |

Page 1

"EXHIBIT A"


SupporTax/Equitable Divider
www.supportax.net

| ATTORNEY OR PARTY WITHOUT ATTORNEY(Name and Address); TELEPHONE NO:<br>HAL CHANNELL<br><br>ATTORNEY FOR (Name); Petitioner | FOR COURT USE ONLY |
|---|---|
| DATE OF MARRIAGE:<br>DATE OF SEPARATION:<br>DATE OF SETTLEMENT OR TRIAL: | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| PROPOSED DIVISION OF COMMUNITY PROPERTY | CASE NUMBER: FL9718<br>MARRIAGE OF: BROWN |

## Property Division - Fair Market Value

| Item Description | Current Fair Market Value | Encumbrance | Equity | Community Property to Husband | Community Property to Wife |
|---|---|---|---|---|---|
| WINE OPENER | 25 | 0 | 25 | 0 | 25 |
| POTS & PANS - W | 75 | 0 | 75 | 0 | 75 |
| to be split by agreement | | | | | |
| POTS & PANS - H | 75 | 0 | 75 | 75 | 0 |
| to be split by agreement | | | | | |
| DISHES & GLASSES - W | 100 | 0 | 100 | 0 | 100 |
| to be split by agreement | | | | | |
| DISHES & GLASSES - H | 100 | 0 | 100 | 100 | 0 |
| to be split by agreement | | | | | |
| WOOD BLOCK | 150 | 0 | 150 | 150 | 0 |
| WINE FRIG - W | 70 | 0 | 70 | 0 | 70 |
| to be split by agreement | | | | | |
| WINE FRIG - H | 70 | 0 | 70 | 70 | 0 |
| to be split by agreement | | | | | |
| BAKING DISHES | Unknown | 0 | 0 | 0 | 0 |
| parties to split the baking dishes | | | | | |
| COFFEE POT - W | 5 | 0 | 5 | 0 | 5 |
| COFFEE POT - H | 5 | 0 | 5 | 5 | 0 |
| IRON & BOARD - W | 100 | 0 | 100 | 0 | 100 |
| IRON & BOARD - H | 100 | 0 | 100 | 100 | 0 |
| WASHER & DRYER - W | Unknown | 0 | 0 | 0 | 0 |
| DISPUTED | | | | | |
| WASHER & DRYER - H | 0 | 0 | 0 | 0 | 0 |
| DISPUTED | | | | | |
| BAR STOOLS | 100 | 0 | 100 | 100 | 0 |
| CHEST ON STAND | 200 | 0 | 200 | 0 | 200 |
| PLANT STAND | 65 | 0 | 65 | 0 | 65 |

Page 2



SupporTax/Equitable Divider
www.supportax.net

2011 Equitable Divider. Version: 2011.1.16

| ATTORNEY OR PARTY WITHOUT ATTORNEY(*Name and Address*): TELEPHONE NO:<br>HAL CHANNELL<br><br>ATTORNEY FOR (*Name*): Petitioner | FOR COURT USE ONLY |
|---|---|
| DATE OF MARRIAGE:<br>DATE OF SEPARATION:<br>DATE OF SETTLEMENT OR TRIAL: | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| PROPOSED DIVISION OF COMMUNITY PROPERTY | CASE NUMBER: FL9718<br>MARRIAGE OF: BROWN |

## Property Division - Fair Market Value

| Item<br>Description | Current<br>Fair Market<br>Value | Encumbrance<br>(Debt) | Equity | Community<br>Property to<br>Husband | Community<br>Property to<br>Wife |
|---|---|---|---|---|---|
| DISH WOODEN WALL HOLDER - W | 50 | 0 | 50 | 0 | 50 |
| DISH WOODEN WALL HOLDER - H | 50 | 0 | 50 | 50 | 0 |
| 2 DRESSERS, 2 NIGHT STANDS, QUEEN BED | 500 | 0 | 500 | 0 | 500 |
| LEATHER TRUNK | 150 | 0 | 150 | 0 | 150 |
| 2 DOLITTLE PICTURES | 150 | 0 | 150 | 0 | 150 |
| FLAT SCREEN TV | 250 | 0 | 250 | 250 | 0 |
| CLOCK | 5 | 0 | 5 | 0 | 5 |
| BOOK CASE ENTRY | 25 | 0 | 25 | 25 | 0 |
| SAFE | 200 | 0 | 200 | 200 | 0 |
| CHEST (OFFICE) | 75 | 0 | 75 | 0 | 75 |
| LEATHER COUCH | 400 | 0 | 400 | 400 | 0 |
| LEATHER CHAIR | 50 | 0 | 50 | 50 | 0 |
| CD'S | 200 | 0 | 200 | 0 | 200 |
| GRINDER SALAD | 1 | 0 | 1 | 0 | 1 |
| STEAM CLEANER - H | 1 | 0 | 1 | 1 | 0 |
| 2007 CHEVROLET CORVETTE | 24,915 | 14,000 | 10,915 | 10,915 | 0 |
| PACE MOTORHOME<br><br>the Pace Motorhome is awared to husband with contents | 1 | 0 | 1 | 1 | 0 |
| 2004 HARLEY DEUCE | 7,000 | 0 | 7,000 | 0 | 7,000 |
| 2007 HARLEY SCREAMING EAGLE<br>DISPUTED AWARD | Unknown | 0 | 0 | 0 | 0 |
| 2008 HARLEY CROSS BONES | 11,000 | 13,000 | -2,000 | -2,000 | 0 |
| UMPQUA SAVINGS | 10,000 | 0 | 10,000 | 0 | 10,000 |
| UMPQUA - H<br><br>DISPUTED CHARACTERIZATION OF $4,800.00 MONEY TAKEN BY HUSBAND | Unknown | 0 | 0 | 0 | 0 |

Page 3



| ATTORNEY OR PARTY WITHOUT ATTORNEY(*Name and Address*): TELEPHONE NO:<br>HAL CHANNELL<br><br>ATTORNEY FOR *(Name)*: Petitioner | FOR COURT USE ONLY |
|---|---|
| DATE OF MARRIAGE:<br>DATE OF SEPARATION:<br>DATE OF SETTLEMENT OR TRIAL: | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| **PROPOSED DIVISION OF COMMUNITY PROPERTY** | CASE NUMBER: FL9718<br>MARRIAGE OF: BROWN |

## Property Division - Fair Market Value

| Item Description | Current Fair Market Value | Encumbrance Debt | Equity | Community Property to Husband | Community Property to Wife |
|---|---|---|---|---|---|
| MOTHER LODE =- W | 10,000 | 0 | 10,000 | 0 | 10,000 |
| TRUST ACCOUNT<br><br>DISPUTED ALLOCATION | 20,000 | 0 | 20,000 | 20,000 | 0 |
| LINCOLN BENEFIT - W | 4,909 | 0 | 4,909 | 0 | 4,909 |
| LINCOLN BENEFIT - H | 4,200 | 0 | 4,200 | 4,200 | 0 |
| SAUNA BUSINESS<br><br>DISPUTED ALLOCATION | Unknown | 0 | 0 | 0 | 0 |
| DOGS<br><br>WIFE TO BE AWARDED TWO PUPPIES FROM LITTERS WHEN THE PUPPIES ARE 8 WEEKS OF AGE<br><br>THE FOUR DOGS ARE AWARDED TO HUSBAND | 1 | 0 | 1 | 1 | 0 |
| AMERICAN FUNDS | 3,588 | 0 | 3,588 | 0 | 3,588 |
| EDWARD JONES | 10,600 | 0 | 10,600 | 10,600 | 0 |
| **TOTAL** | | | | | |


SupporTax/Equitable Divider
www.supportax.net

2011 Equitable Divider. Version: 2011.1.16

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:  TELEPHONE NO: | FOR COURT USE ONLY |
|---|---|
| HAL CHANNELL | |
| ATTORNEY FOR *(Name)*: Petitioner | |

| DATE OF MARRIAGE: | PRINTED: 08/18/2011 |
|---|---|
| DATE OF SEPARATION: | MODIFIED: 07/06/2011 |
| DATE OF SETTLEMENT OR TRIAL: | |

| SEPARATE PROPERTY REPORT | CASE NUMBER: FL9718 |
|---|---|
| | MARRIAGE OF: BROWN |

| Item Description | Current Fair Market Value | Amount Owed (Encumbrance) | Husband's Separate Property | Wife's Separate Property |
|---|---|---|---|---|
| PATIO TABLE AND CHAIRS | 800 | 0 | 0 | 800 |
| SWING CHAIRS | 400 | 0 | 400 | 0 |
| VERMONT BBQ | 600 | 0 | 600 | 0 |
| JOHN DEERE MOWER | 400 | 0 | 400 | 0 |
| TEAK TABLE AND CHAIRS | 25 | 0 | 25 | 0 |
| WEED WHACKERS | 25 | 0 | 25 | 0 |
| WESTERN TABLE | 300 | 0 | 0 | 300 |
| TACK | 650 | 0 | 650 | 0 |
| ANTIQUE SADDLE | 2,500 | 0 | 2,500 | 0 |
| CHEST | 100 | 0 | 100 | 0 |
| DROP LEAF TABLE | 600 | 0 | 0 | 600 |
| WALL TABLE | 250 | 0 | 250 | 0 |
| SLOT MACHINE | 600 | 0 | 600 | 0 |
| COMPUTER DESK | 300 | 0 | 0 | 300 |
| BBQ MOTORHOME | 200 | 0 | 0 | 200 |
| WESTERN MIRROR (LIVING ROOM) | 100 | 0 | 0 | 100 |
| LAMPS | 150 | 0 | 150 | 0 |
| 1997 HARLEY | 7,000 | 0 | 0 | 7,000 |

Page 1

2011 Equitable Divider, Version: 2011.1.16



SupporTax/Equitable Divider
www.supportax.net

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*:  TELEPHONE NO:<br>HAL CHANNELL<br><br>ATTORNEY FOR *(Name)*: Petitioner | FOR COURT USE ONLY |
|---|---|
| DATE OF MARRIAGE:<br>DATE OF SEPARATION:<br>DATE OF SETTLEMENT OR TRIAL: | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| SEPARATE PROPERTY REPORT | CASE NUMBER:FL9718<br>MARRIAGE OF:BROWN |

| Item<br>Description | Current<br>Fair Market<br>Value | Amount Owed<br>as of<br>Termination | Allocated to<br>Respondent<br>(Amount) | Allocated<br>to Petitioner<br>(Amount) |
|---|---|---|---|---|
| UMPQUA - H | 1,350 | 0 | 1,350 | 0 |
| TOTAL | 1,350 | 0 | 1,350 | 0 |

\* Total Current Fair Market Value of items that are in whole or in part separate property.

2011 Equitable Divider, Version: 2011.1.16

 SupporTax/Equitable Divider
www.supportax.net

PAGE  14

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address); TELEPHONE NO:

BAL CHANNELL

ATTORNEY FOR (Name): Petitioner

DATE OF MARRIAGE:
DATE OF SEPARATION:
DATE OF SETTLEMENT OR TRIAL:

FOR COURT USE ONLY

PRINTED: 08/18/2011
MODIFIED: 07/06/2011

COURT NOTES REPORT

CASE NUMBER: FL.9718
MARRIAGE OF: BROWN

| | | |
|---|---|---|
| Real Estate Personal Real | HIGH SCHOOL ROAD | property reserved for a later hearing |
| Real Estate Personal Real | MEXICO PROPERTY | to be sold and proceeds divided equally |
| Household Items Furniture | LADDERS | ONE EACH |
| Household Items Furniture | CHAIN SAW | ONE TO EACH PARTY |
| Household Items Furniture | POTS & PANS - W | to be split by agreement |
| Household Items Furniture | POTS & PANS - H | to be split by agreement |
| Household Items Furniture | DISHES & GLASSES - W | to be split by agreement |
| Household Items Furniture | DISHES & GLASSES - H | to be split by agreement |

2011 Equitable Divider, Version: 2011.1.16


Support Tax/Equitable Divider
www.supportax.net

Page 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: TELEPHONE NO:

HAL CHANNELL

ATTORNEY FOR *(Name)*: Petitioner

DATE OF MARRIAGE:
DATE OF SEPARATION:
DATE OF SETTLEMENT OR TRIAL:

FOR COURT USE ONLY

PRINTED: 08/18/2011
MODIFIED:07/06/2011

CASE NUMBER:FL9718
MARRIAGE OF: BROWN

**COURT NOTES REPORT**

| | | |
|---|---|---|
| Household Items Furniture | WINE FRIG - W | to be split by agreement |
| Household Items Furniture | WINE FRIG - H | to be split by agreement |
| Household Items Furniture | BAKING DISHES | parties to split the baking dishes |
| Household Items Furniture | WASHER & DRYER - W | DISPUTED |
| Household Items Furniture | WASHER & DRYER - H | DISPUTED |
| Household Items Furniture | WOOD TABLE & CHAIRS | DISPUTED |
| Vehicles Cars | 2010 CHEVY PICK UP | DISPUTED CHARACTERIZATION |
| Vehicles Recreational | PACE MOTORHOME | the Pace Motorhome is awared to husband with contents |
| Vehicles Motorcycles | 2007 HARLEY SCREAMING EAGLE | DISPUTED AWARD |

2011 Equitable Divider. Version: 2011.1.16

SupportTax/Equitable Divider
www.supportax.net

PAGE 16

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address)*: TELEPHONE NO:

HAL CHANNELL

ATTORNEY FOR *(Name)*: Petitioner

DATE OF MARRIAGE:
DATE OF SEPARATION:
DATE OF SETTLEMENT OR TRIAL:

| COURT NOTES REPORT | FOR COURT USE ONLY |
|---|---|
| | PRINTED: 08/18/2011<br>MODIFIED: 07/06/2011 |
| | CASE NUMBER: FL9718<br>MARRIAGE OF: BROWN |

| | | DISPUTED CHARACTERIZATION |
|---|---|---|
| Vehicles<br>Miscellaneous | BLACK CARGO TRAILER | |
| Accounts<br>Savings | UMPQUA - H | DISPUTED CHARACTERIZATION OF $4,800.00 MONEY TAKEN BY HUSBAND |
| Cash | TRUST ACCOUNT | DISPUTED ALLOCATION |
| Businesses | SAUNA BUSINESS | DISPUTED ALLOCATION |
| Businesses | DOGS | WIFE TO BE AWARDED TWO PUPPIES FROM LITTERS WHEN THE PUPPIES ARE 8 WEEKS OF AGE<br><br>THE FOUR DOGS ARE AWARDED TO HUSBAND |
| | | |
| | | |

Page 3

SupportTax/Equitable Divider
www.supportax.net

# CERTIFICATE OF ACKNOWLEDGEMENT

STATE OF CALIFORNIA )

COUNTY OF _Tuolumne_ )

On _Aug 22, 2011_ before me, _Kathleen A. Weston, Notary Public_
    DATE                  NAME, TITLE OF OFFICER - E.G., "JANE DOE, NOTARY PUBLIC"

personally appeared, _Tina Brown_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (SEAL)
NOTARY PUBLIC SIGNATURE

OFFICIAL SEAL
KATHLEEN A. WESTON
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1808188
TUOLUMNE COUNTY
MY COMM. EXP. AUG. 2, 2012

------------------------**OPTIONAL INFORMATION**------------------------

THIS OPTIONAL INFORMATION SECTION IS NOT REQUIRED BY LAW BUT MAYBE BENEFICIAL TO PERSONS RELYING ON THIS NOTARIZED DOCUMENT.

TITLE OR TYPE OF DOCUMENT-_____

DATE OF DOCUMENT_____NUMBER OF PAGES _____

SIGNER(S) OTHER THAN NAMED ABOVE _____

SIGNER'S NAME _____ SIGNER'S NAME_____

FAX (209) 524-8461
E-MAIL carl@cwcollinslaw.com

# CARL W. COLLINS

ATTORNEY AT LAW
1127 12TH STREET, SUITE 106
MODESTO, CALIFORNIA 95354

MAILING ADDRESS:
P.O. BOX 3291
MODESTO, CA 95353-3291

(209) 521-8100

September 19, 2011

Hal B. Channell, Esq.
77 Linoberg Street
Sonora, CA 95370

Michael Goss, Esq.
1119 12th Street
Modesto, CA 95354

Re:  Tina Brown, Chapter 7 Case No: 10-94467
     Tuolumne County Superior Court, Case No. FL9718

Gentlemen:

I am in receipt of a Judgment for the Dissolution of Marriage in
the above-referenced Superior Court case entered on August 29,
2011.  I have discussed the legal effects of this Judgment with
both of you via telephone conversations earlier this week.

This letter will confirm that I represent Michael D. McGranahan
as the Trustee appointed in the above-referenced Chapter 7
bankruptcy case filed on November 12, 2010 by Tina Brown in the
United States Bankruptcy Court for the Eastern District of
California, Case No: 10-94467.

11 U.S.C. Section 541(a)(2) provides in relevant part that
property of the bankruptcy estate includes:

> All interests of the debtor and the debtor's spouse in
> community property as of the commencement of the case
> that is--
> (A) under the sole, equal, or joint management and
> control of the debtor; or
> (B) liable for an allowable claim against the debtor,
> or for both an allowable claim against the debtor's
> spouse, to the extent that such interest is so liable.

For purposes of Section 541(a)(2), all community property not yet
divided by a state court at the time of the bankruptcy filing is
property of the bankruptcy estate.  In re Mantle, 153 F.3d 1082
(9th Cir. 1998).

In instances where the community property has not been divided as of the bankruptcy petition date, the community property of the spouses passes to the debtor's bankruptcy estate, and creditors of the debtor's former spouse participate in the distribution as holders of "community claims." In re McCoy, 111 B.R. 276 (B.A.P. 9th Cir. 1990).

There is no question that the community property of both Tina Brown and Timothy Brown is property of this bankruptcy estate under the sole and exclusive jurisdiction of the United States Bankruptcy Court and subject to the administration of Mr. McGranahan as the appointed Trustee therein.

11 U.S.C. Section 362(a) provides in relevant part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of--

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate...

11 U.S.C. Section 362(b)(2) of the Code provides in relevant part:

> (b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay-

>> (2) under subsection (a)--

>>> (A) of the commencement or continuation of a civil action or proceeding--

2

(i) for the establishment of paternity;

(ii) for the establishment or modification of an order for domestic support obligations;

(iii) concerning child custody or visitation;

(iv) for the dissolution of a marriage, except to the extent that such proceeding seeks to determine the division of property that is property of the estate; or

(v) regarding domestic violence...

The entry of the Judgment dividing the community property of Tina Brown and Timothy Brown was clearly a violation of the automatic stay of 11 U.S.C. Section 362(a). While the marriage may be dissolved, the community property of both spouses remains property of the bankruptcy estate subject to the automatic stay.

The Judgment constitutes a knowing violation of the automatic stay of Section 362(a) and may constitute a contempt of the Bankruptcy Court resulting in an assessment of damages pursuant to Section 362(h).

I urge you to take the necessary steps to remediate the violation of the stay by entry of a Stipulated Order modifying the Judgment. While the Judgment may dissolve the marriage, that portion of the Judgment purporting to divide the community property assets should be removed. I am sure that Judge Boscoe had no knowledge of the Bankruptcy Court's jurisdiction over these assets. Whether an Amended Judgment can be obtained by stipulation or reconsideration, I will let you decide which course of action is procedurally proper.

The Trustee made demand upon Mr. Channell on behalf of Timothy Brown to turn over the community property assets to the bankruptcy estate on December 17, 2010. Follow up e-mails were made by the Trustee to the Debtor's counsel on February 8, 2011 regarding the community property. No assets have ever been turned over to the estate by the parties. The only response to the Trustee's demand is receipt of the Judgment.

The Trustee continues to make demand upon both Tina Brown and Timothy Brown for turnover of the following assets:

1. All right and title to Mexico Property awarded to Timothy Brown in Judgment, including all documentation establishing title, location, property taxation and outstanding indebtedness;

2. 2007 Chevrolet Corvette with an equity of $10,915 awarded to Timothy Brown in Judgment, including all documentation

3

establishing title (i.e. pink slip), location, and outstanding indebtedness;

3. 2004 Harley Davidson Deuce valued at $7,000 awarded to Tina Brown in Judgment, including all documentation establishing title (i.e. pink slip);

4. 2008 Harley Davidson Cross Bones awarded to Timothy Brown in Judgment, including all documentation establishing title (i.e. pink slip), location, and outstanding indebtedness;

5. $10,000 in Umpqua Savings awarded to Tina Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

6. $10,000 in Motherlode Bank awarded to Tina Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

7. $20,000 in Trust Account awarded to Timothy Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

8. Lincoln Benefit (W) $4,909 awarded to Tina Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

9. Lincoln Benefit (H) $4,200 awarded to Timothy Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

10. American Funds $3,588 awarded to Tina Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

11. Edward Jones $10,600 awarded to Timothy Brown in Judgment, including all documentation establishing title, location of funds and account administrator;

12. 1997 Harley Davidson valued at $7,000 awarded to Tina Brown in Judgment;

13. Black Cargo trailer awarded to Timothy Brown in Judgment; and

14. $22,205.58 in Petitioner's attorney trust account awarded to Tina Brown in Judgment.

If the Judgment is not amended or modified as described above within 14 days of the date of this letter, the Trustee has instructed me to commence an Adversary Proceeding in the Bankruptcy Court to void the state court's Judgment, seek the

4

imposition of sanctions for contempt of court and for turn over of the community property assets to the bankruptcy estate.

I urge your clients to give this matter immediate attention. Should you have any questions, please do not hesitate to contact me.

Law Office of Carl W. Collins

Carl W. Collins

cc:
Michael D. McGranahan, Trustee
Michael Germain, Esq., Attorney for Debtor, Tina Brown

5

Michael R. Germain, Esq.

# The Bankruptcy Center

Patrick B. Greenwell, Esq.
CARL W. COLLINS
Attorney at Law

945 Morning Star Drive Sonora, CA 95370
209·588·1500

September 30, 2011

Sent by fax 209-524-8461 & mail

Carl W. Collins
Attorney at Law
1127 12th Street, Suite 106
Modesto CA 95354

Re:    Tina Brown; Chapter 7 Bankruptcy Case No. 10-94467

Dear Mr. Collins:

I have received a copy of your letter dated September 19, 2011, addressed to my client's divorce attorney and her ex-husband's divorce attorney. I am not going to interject myself into the dissolution but did want to address some property issues as they relate to Tina Brown only.

The first issue in your letter relating to Ms. Brown is in Paragraph 3 regarding the 2004 Harley Davidson Deuce motorcycle. That motorcycle has been sold by the Trustee back to Ms. Brown for $5,000. The Motion to sell was filed with the Court on September 7, 2011.

The next issues are two (2) $10,000 bank accounts in Paragraphs 5 and 6 of your letter. There is no money in either of those accounts. The language in the Stipulation for Judgment was to account for two withdrawals from those accounts at the time of separation; March 2010. Those withdrawals were made approximately eight (8) months before filing the Chapter 7 Bankruptcy. The money was uses by client to live on.

The next issue involves Lincoln Benefit Fund (Paragraph 8) and American Funds (Paragraph 10). Those two funds were held by Edward Jones and are clearly listed on my client's Schedule B. They are also claimed exempt on Schedule C under CCP § 704.110(b).

Paragraph 14 addresses $22,205.58 in an attorney trust account. That amount was awarded to Ms. Brown to compensate her for personal property. When Ms. Brown was locked out of her home by her ex-husband, she took nothing with her. On Schedule B and C she listed her personal property and exempted it. The funds paid to my client were essentially to purchase that exempt property from her.

The only real issue here is Paragraph 12, the 1997 Harley Davidson. In reality, there is another motorcycle not listed, a 2006 Harley Davidson. After the Stipulation for Judgment was entered, my client and her ex-husband agreed to swap those two motorcycles, without any additional consideration. So my client has a 2006 Harley (not listed) not the 1997 Harley. My client would like to purchase that bike from the Trustee.

Once you have had the opportunity to review these matters, I would appreciate the opportunity to discuss them with you.

Very truly yours,

THE BANKRUPTCY CENTER

By _____
Patrick B. Greenwell,
Attorney for Debtor, Tina Brown

cc:   Tina Brown
      Michael Goss, Esq.

SEP 2 0 2010

# CARL W. COLLINS

FAX (209) 524-8461
E-MAIL carl@cwcollinslaw.com

ATTORNEY AT LAW
1127 12TH STREET, SUITE 106
MODESTO, CALIFORNIA 95354

(209) 521-8100

MAILING ADDRESS:
P.O. BOX 3291
MODESTO, CA 95353-3291

September 19, 2011

Hal B. Channell, Esq.
77 Linoberg Street
Sonora, CA 95370

Michael Goss, Esq.
1119 12th Street
Modesto, CA 95354

Re:  Tina Brown, Chapter 7 Case No: 10-94467
     Tuolumne County Superior Court, Case No. FL9718

Gentlemen:

I am in receipt of a Judgment for the Dissolution of Marriage in the above-referenced Superior Court case entered on August 29, 2011.  I have discussed the legal effects of this Judgment with both of you via telephone conversations earlier this week.

This letter will confirm that I represent Michael D. McGranahan as the Trustee appointed in the above-referenced Chapter 7 bankruptcy case filed on November 12, 2010 by Tina Brown in the United States Bankruptcy Court for the Eastern District of California, Case No: 10-94467.

11 U.S.C. Section 541(a)(2) provides in relevant part that property of the bankruptcy estate includes:

> All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is--
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

For purposes of Section 541(a)(2), all community property not yet divided by a state court at the time of the bankruptcy filing is property of the bankruptcy estate.  In re Mantle, 153 F.3d 1082 (9th Cir. 1998).

# CARL W. COLLINS

FAX (209) 524-8461
E-MAIL carl@cwcollinslaw.com

ATTORNEY AT LAW
1127 12TH STREET, SUITE 106
MODESTO, CALIFORNIA 95354

MAILING ADDRESS:
P.O. BOX 3291
MODESTO, CA 95353-3291

(209) 521-8100

November 9, 2011

Patrick B. Greenwell, Esq.
The Bankruptcy Center
945 Morning Star Drive
Sonora, CA 95370

      Re:  Tina M. Brown
            Chapter 7 Bankruptcy
            Case No. 10-94467

Dear Mr. Greenwell:

Thank you for your response to my letter of September 19, 2011 contesting the Order dividing the marital property of the debtor and non-debtor spouse in Tuolumne County Superior Court, Case No. FL9718. Unfortunately, I have not yet received a copy of the Amended Order from the court retracting the court's property division. Counsel for Mr. Brown, Hal Channell, has stated that Superior Court Judge Boscoe has been out of the country for over 3 weeks and has just returned so the Amended Order should be filed shortly.

I would like to address the Trustee's concerns over the property of the bankruptcy estate that is described in the debtor's portion of the property division Order and the issues which you describe in your letter.

1. The Trustee agrees that the debtor has resolved the issues over the 2004 Harley Davidson motorcycle by compromise with the Trustee and approved by the Bankruptcy Court.

2. As for the two (2) bank accounts of $10,000 each awarded to the debtor. If the debtor contends that the $20,000 was expended prior to the date of filing the bankruptcy petition, please provide an accounting of these expenditures, including copies of the bank statements showing the deposits of the $20,000 into the debtor's bank account and copies of all checks showing the disbursements over the 8 months indicated in your letter.

3. As for the Lincoln Benefit fund of $4,909 awarded to the debtor in the Order, please provide statements establishing that these funds are being held by Edward Jones in a simple IRA account and are not a separate fund of Lincoln Benefit. The American Funds of $3,588 awarded to the debtor in the Order appears to be held by Edward Jones which the debtor has claimed exempt.

4. As for the $22,205.58 in the attorney trust account of Hal Channell, the Trustee disputes the contention that this amount was awarded to the debtor to compensate her for personal property in the possession of her husband. The debtor's Bankruptcy Schedule B lists the personal property and the $22,205.58 separately. The debtor's Bankruptcy Schedule C only exempts the personal property, not the $22,205.58 which existed as of the commencement of the bankruptcy case and is property of the bankruptcy estate. In fact, the Trustee is informed and believes based upon statements made by the debtor that the entire amount of the non-exempt $22,205.58 was disbursed to her by Mr. Channell post-petition and that the debtor recently paid approximately $10,000 of these non-exempt funds to her mother without court approval in violation of 11 U.S.C. § 549. Please allow this letter to serve as a formal demand upon the debtor for the immediate turn over of the entire amount of $22,205.58 to the bankruptcy estate.

5. In reviewing the Superior Court Order and the debtor's Bankruptcy Schedule B, the Trustee has several questions regarding the total number of motorcycles held by the debtor and her ex-spouse. These documents provide the following:

a. 1997 Harley Davidson red Fat Boy awarded to debtor's ex-spouse at Page 1 of the Stipulation for Judgment attached to the Order (also listed in debtor's Bankruptcy Schedule B);

b. Harley Davidson Screaming Eagle awarded to debtor at Page 1 of the Stipulation for Judgment attached to the Order;

c. 2004 Harley Davidson Deuce ($7,000) awarded to debtor at Page 3 of Exhibit "A" to the Stipulation for Judgment attached to the Order;

d. 2006/2007 Harley Davidson Screaming Eagle($18,775) listed as disputed at Page 3 of Exhibit "A" and Page 2 of the Court Notes Report to the Stipulation for Judgment attached to the Order (also listed in debtor's Bankruptcy Schedule B);

2

e.  2008 Harley Davidson Cross Bones ($11,000) awarded to
debtor's ex-spouse at Page 3 of Exhibit "A" to the Stipulation
for Judgment attached to the Order (also listed in debtor's
Bankruptcy Schedule B); and

f.  1997 Harley Davidson ($7,000)awarded to debtor at Page 1 of
the Separate Property Report of the Stipulation for Judgment
attached to the Order.

Please provide the Trustee with DMV title documentation for all
vehicles owned presently or in the past by the debtor and her ex-
husband so that identification can be authenticated.

The 2004 Harley Davidson Deuce has already been resolved for a
payment of $5,000 by the debtor under the compromise with the
Trustee.  The documents suggest that the debtor also has in her
possession 2006/2007 Harley Davidson Screaming Eagle and a 1997
Harley Davidson.  Your letter suggests otherwise and indicates
that the debtor wishes to purchase the 2006/2007 Harley Davidson
Screaming Eagle from the bankruptcy estate.  Please contact the
Trustee directly in this regard.

If the above requested assets are not turned over to the Trustee
on or before November 30, 2011, I have been instructed to seek a
court order for turnover and revocation of the debtor's
discharge.

I urge the debtor to give this matter immediate attention.  Thank
you for your consideration in this matter.  If you have any
questions, please do not hesitate to contact me.

                    Sincerely,

                    Law Office of Carl W. Collins

                    Carl W. Collins

cc.
Michael D. McGranahan

3

Michael R. Germain, Esq.

# The Bankruptcy Center

Patrick B. Greenwell, Esq.

945 Morning Star Drive Sonora, CA 95370
209·588·1500

**RECEIVED**

DEC 0 5 2011

CARL W. COLLINS
Attorney at Law

November 29, 2011

Sent by fax 209-524-8461 & mail

Carl W. Collins
Attorney at Law
1127 12th Street, Suite 106
Modesto CA 95354

Re:    Tina Brown; Chapter 7 Bankruptcy Case No. 10-94467 **filed Nov. 12, 2010**

Dear Mr. Collins:

This letter is responding to your letter dated November 9, 2011. I will address the line items as listed in your letter:

1.    2004 Harley Davidson Motorcycle belongs to debtor, Tina Brown, pursuant to compromise with the Trustee and approved by the Bankruptcy Court.

2.    Two (2) bank accounts of $10,000 each awarded to debtor, please refer to **EXHIBIT A**.

   a.    Umpqua Bank Cashier's Check #6609550 for $10,000 dated 02/25/10, transferred into Bank of America Business Account #...9206 (for Pure Cowboy on 03/08/10); paid $10,000 to family law attorney, Michael Goss, in March 2010 as and for attorney fees & costs; Pursuant to debtor's Petition, the business account was closed on 11/05/10 with an ending balance of $45.00

   b.    Mother Lode Bank Cashier's Check #8652 for $10,000 dated 02/25/10, transferred into Bank of America Business Account #...9206 (for Pure Cowboy on 03/02/10); paid $10,000 to business creditors from 03/03/10 to closing of that business account on 11/05/10 with an ending balance of $45.00

   Debtor has requested bank statements from February 2010 through date of filing Chapter 7 Bankruptcy, November 2010, to be provided under separate cover.

3.    Lincoln Benefit fund $4,909 awarded to debtor in civil court order & American Funds $3,588 awarded to debtor in civil court order and claimed exempt in Ch 7 Bankruptcy. Please refer to **EXHIBIT B**.

a. Lincoln Benefit fund of $4,909, Account #...5255, life insurance policy previously initiated by representative of Edward Jones; cashed out 11/08/10 cash surrender amount was $2,248.58. This fund was cashed out prior to filing Ch 7 bankruptcy and only "recognized" as debtor's in civil case order.

b. American Funds $4,050.72, Account #...2595, previously held by Edward Jones; closed on 03/01/11; awarded to debtor in civil case order and claimed exempt amount $3,689.26 in Ch 7 Bankruptcy.

c. American Funds $7,957.63, Account #...6118 **(erroneously listed as Acct #...2595 in the amount of $7,917.09 in Ch 7 Bankruptcy)**, previously held by Edward Jones; closed on 05/13/11. This Edward Jones Account was claimed exempt in the Ch 7 Bankruptcy for the amount of $7,917.09 (but account number was wrong).

4. Attorney (Hal Channell) Trust Account $22,205.58

This amount was awarded to Ms. Brown to compensate her for personal property she will never receive from ex-spouse. Debtor's 50% interest in household furniture & furnishings held as exempt in the Ch 7 Bankruptcy totals $11,500 and claimed exempt. The remaining amount ($22,205.58 - $11,500 = $10,705.58) was to reimburse debtor for all the other community property items she will never receive from ex-spouse; i.e. cash & gold coins that were located in the community safety deposit box, etc. From the $10,705 amount remaining, a check in the amount of $6,000 was paid directly to her family law attorney, Michael Goss (direct check from Hal Channell, ex-spouse's attorney); which leaves only $4,705 not claimed exempt. Debtor used this money for living expenses. **There are no remaining funds.**

5. Four (4) Harley Davidson Motorcycles ONLY:

a. **1997 Harley Davidson Red Fat Boy VIN ...2282**
**Possession: Timothy Brown**
Title held in name of Timothy Michael Brown only (according to DMV) – contrary to the Civil Court award to Debtor, this motorcycle now belongs to Timothy Brown (swapped for 2006 HD)

b. **2006 Harley Davidson Screaming Eagle VIN ...4730**
**Possession: Tina Brown – <u>EXHIBIT C.a.</u> attached**
Title held in names of Timothy Michael Brown OR Tina Marie Brown – contrary to the Civil Court award to ex-spouse, this motorcycle now belongs to Tina Brown (swapped for 1997 HD) – value is approximately $12,000. *This is the bike the debtor would like to purchase from the Trustee.*



c.     **RESOLVED -- NOT AT ISSUE: 2004 Harley Davidson Deuce VIN ...4006
Possession: Tina Brown** (paid for through Trustee) <u>**EXHIBIT C.b.**</u>
**attached** – Title held in names of Tina Brown OR Tim Brown

d.     **2008 Harley Davidson Cross Bones VIN ...7500
Possession: Timothy Brown with LOAN**
Title held in names of Timothy Michael Brown OR Tina Marie Brown with
a lien holder (according to DMV)

In light of the above circumstances, I would respectfully request that revocation of debtor's discharge not be submitted at this time and that negotiations regarding the 2006 Harley Davidson Screaming Eagle VIN ...4730 commence.

Also, as soon as debtor receives bank statements from February 2010 through November 2010, our office will provide them to you, pursuant to your request regarding the two (2) $10,000 deposits.

Once you have had the opportunity to review these issues and attached documents, I would appreciate the opportunity to discuss them with you.

Very truly yours,

THE BANKRUPTCY CENTER

By:

Patrick B. Greenwell,
Attorney for Debtor, Tina Brown

cc:    Tina Brown
      Michael Goss, Esq.