```
 1 │ **3**
 2 │ Michael D. McGranahan
   │ Trustee in Bankruptcy
 3 │ PO Box 5018
   │ Modesto, CA 95352
 4 │ (209) 524-1782
```

# THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA
# MODESTO DIVISION

| In re: | Case No.: 10-94467 |
|---|---|
| BROWN, TINA | DC NO.: MDM-3 |
| | Chapter 7 |
| | Date: October 31, 2013 |
| | Time: 10:30 a.m. |
| Debtor(s). | Place: 1200 "I" Street, Ste. 4, Modesto, CA 95354 |
| | Judge: Hon: Ronald H. Sargis |

## MOTION TO ABANDON REAL and PERSONAL PROPERTY

**TO:  THE HONORABLE U.S. BANKRUPTCY JUDGE:**

**MICHAEL D. McGRANAHAN**, the duly qualified and acting Trustee in this case, pursuant to 11 U.S.C. § 554 (a) and Bankruptcy Rule 6007, respectfully represents:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1134 and § 157 (a). On November 12, 2010 the debtor filed a petition under Chapter 7 and MICHAEL D. McGRANAHAN was appointed as Trustee. On December 14, 2010 the First Meeting of Creditors was held and concluded as an Asset Case.

2.  Among the assets which constitute property of the estate is the community property in the possession of non-debtor spouse, Tim Brown, commonly described as:

A. **Lot in El Dorado Ranch, Mexico, Deed No. 6400-013-23 ("Property A")**
B. **Stock in Affordable Moving & Storage, Inc. ("Property B")**
C. **2008 Harley Davidson Cross Bones motorcycle ("Property C")**

3. The aforementioned properties have the following values and encumbrances:

| PROPERTY | VALUE | DEBT |
|---|---|---|
| Property A | $8,000 | None |
| Property B | Unkn | Unkn |
| Property C | $ 5,000 | $ 12,000 |

4. Property A is a 10,000 sq. ft. lot near San Filipe, Mexico, with no electricity, water, or other improvements. Based on the trustee's internet investigations, and telephone calls to El Dorado Ranch, the estimated value is less than $8,000; the lot appears to be unencumbered. However, the legal (including hiring a Mexican attorney) and logistical expenses involved in liquidating the property would, in the trustee's opinion, consume all equity in the lot.

5. Property B is a non-publically traded moving and storage company whose stock shares are owned solely by the non-debtor spouse, Tim Brown. The estate may hold a community property interest in the stock. The value of the company, if any, can only be determined by an examination of the books and records, including an audited financial statement. The trustee has contacted the company accountant but has not been able to obtain any financial information. If the financial statement were to show stockholder equity, a buyer would then need be found, keeping in mind that a buyer would be assuming both the assets and liabilities of the company. Given the intransigence and lack of cooperation of the stockholder, and taking into consideration the legal costs of obtaining the financial records, obtaining a judgment

allowing a sale (assuming there is any value), then finding a buyer for a closely-held company, it is the trustee's opinion that the stock has no value to the estate and should be abandoned.

6. The 2006 Harley Davidson Cross Bones motorcycle has been, according to the non-debtor spouse, damaged in an accident and was un-insured. However, even if the motorcycle was undamaged, the trustee's analysis is that the motorcycle has, or had, no equity and should be abandoned.

**WHEREFORE,** the Trustee requests the Court to examine the facts and circumstances in connection with this matter, and authorize the Trustee to abandon the above-described real and personal property back to the debtor on the grounds it is burdensome and of inconsequential value to the estate, and for such other and further relief as the Court may deem just and proper.

DATED: October 1, 2013

      /s/ Michael D. McGranahan
MICHAEL D. McGRANAHAN
Trustee