

FILED

JUN 2 3 2014

*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| In re | ) | Case No. 10-94467-E-7 |
| | ) | Docket Control No. CWC-6 |
| TINA M. BROWN, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

### MEMORANDUM OPINION AND DECISION
### *EX PARTE* MOTION FOR CONSOLIDATION OF
### MONEY JUDGMENT AND CORRECTIVE SANCTIONS
### AWARDS FOR ENFORCEMENT

Michael D. McGranahan, the Chapter 7 Trustee and Plaintiff in Adversary Proceeding No. 12-09003 ("Plaintiff-Trustee") filed an *Ex Parte* Application of Money Judgement and Corrective Contempt Sanctions For Purposes of Enforcement Under Federal Rule of Bankruptcy Procedure 7069(a) & (b). Dckt. 122. On December 13, 2012, the court issued a Judgment in favor of the Plaintiff-Trustee and against Timothy Brown ("Brown") in Adversary Proceeding No. 12-09003 ("Adversary") determining that the bankruptcy estate was the owner of three vehicles ("Judgment"). The Judgment identifies the vehicles and monetary values determined by the court for each to be as follows:

    a. 1997 Harley Davidson Red Fat Boy Motorcycle, VIN IBL15y032282, with a value of $7,000.00;

1

2    b.    2008 Harley Davidson Cross Bones Motorcycle, VIN
IJM555840575, with a value of $11,000.00; and

3

4    c.    2007 Chevrolet Corvette Automobile, with a value of
$24,915.00.

5    The Judgment orders Brown to turn over the three vehicles to

6  the Plaintiff-Trustee on or before December 31, 2012. The Judgment

7  further provides that if Brown fails to timely turn over the

8  vehicles, Plaintiff-Trustee may elect to enforce the monetary

9  Judgment for the value of the vehicles which were not turned over

10  by Brown.

11         The Plaintiff Michael D. McGranahan, the Chapter 7
        Trustee, shall exercise the election to enforce the
12        monetary judgment in lieu of the judgment for possession
        of one or more of the vehicles by filing in this
13        Adversary Proceeding one or more notices of election to
        enforce monetary judgment.  Each Notice shall identify
14        the vehicles for which the election is made and the
        amount of the monetary judgment relating to such Notice.
15        Such elections may be made by Plaintiff Michael D.
        McGranahan, the Chapter 7 Trustee, at any time during
16        which the judgment, and any renewals of the judgment, are
        enforceable...

17

18  Judgment, Adversary Dckt. 41.  On January 2, 2013, the Plaintiff-

19  Trustee filed his bill of costs, totaling $381.55.  *Id.*, Dckt. 54.

20  No objection or motion to tax costs was filed by Brown.  No further

21  pleadings have been filed in the Adversary Proceeding.

22    In this bankruptcy case filed by Tina Brown, Bank. E.D. Cal.

23  10-94467 ("Bankruptcy Case"), the Plaintiff-Trustee filed a Motion

24  (DCN: CWC-4) to have Brown held in contempt for failing to turn

25  over the three vehicles as ordered in the Judgment "Motion").[1]

26

27    [1]  All contempt orders have been issued as part of the Trustee's
Motion, DCN: CWC-4, to provide for a clear record of proceedings and
28  because they all relate to Browns failure to comply with the Judgment
and orders of this court to deliver possession of the vehicles

2

Dckt. 63.  When Brown failed to appear at the regularly scheduled August 8, 2013 hearing on the Motion, the court issued an order for Brown to appear at the continued hearing on August 22, 2013.  The Order also provided that if Brown failed to appear in compliance with the Order, the court could impose a $1,000.00 corrective sanction to induce Brown to appear as would be ordered for a further continued hearing.  Order, Dckt. 71.

Brown and David Foyil, his attorney, appeared at the August 22, 2013 hearing and represented to the court the following,

a.  Brown was told by some unidentified attorney that he could retain possession of the vehicles notwithstanding the Judgment and order to turn over possession.

b.  Brown had not maintained insurance on the 2008 Harley Davidson Cross Bones, it had been "run over," and it was in pieces.

c.  David Foyil, Brown's attorney, represented that he failed to communicate with Brown when contacted by counsel for the Plaintiff-Trustee concerning the demand for the vehicles. Mr. Foyil agreed to pay $1,593.56 to the Plaintiff-Trustee for legal fees incurred in connection with the failure to turn over the vehicles as of that time.

Civil Minutes, Dckt. 76.

Brown and his attorney represented that the vehicles would be turned over to the Plaintiff-Trustee.  Based upon the representation of Brown and his attorney, the court set September 4, 2013, as the date by which the three vehicles had to be turned over to the Plaintiff-Trustee.  Because of the representations of Brown and his attorney, and Browns express representation that he would and could deliver the vehicles to the Plaintiff-Trustee by September 4, 2013, the court did not order any corrective sanctions to be paid by Brown at that time.  Believing that the

belonging to the Estate to the Plaintiff-Trustee.

3

1    representations of Brown and his Counsel were in good faith and
2    truthful, the court did not "hang" possible corrective sanctions
3    over Brown's head in the event that he did not comply with the
4    order to turn over the vehicles by September 4, 2013 as he
5    promised.  Order, Dckt. 78.  The court continued the hearing on the
6    Motion to September 26, 2013, as a follow-up date to confirm that
7    Brown had turned over the vehicles to the Trustee.

8         At the September 26, 2013 hearing it was determined that Brown
9    failed to comply with the order to turn over the vehicles.
10   Thereon, the court then issued an Order on September 30, 2013,
11   ordering Brown to turn over the vehicles to the Plaintiff-Trustee
12   by October 15, 2013.  Order, Dckt. 86.  Further, the court ordered
13   that corrective sanctions of $31,915.00 could be imposed if Brown
14   failed to comply with that Order to timely turn over the vehicles
15   by October 15, 2013.

16        Brown failed to comply with the Order and the vehicles were
17   not turned over to the Plaintiff-Trustee by the October 15, 2013
18   deadline or the October 22, 2013 hearing date.  Civil Minutes for
19   October 22, 2013 hearing, Dckt. 76.  While not appearing before the
20   court or filing a response to Contempt Order No. 4, Brown filed a
21   copy of a letter to the U.S. Trustee complaining about the
22   bankruptcy process.  This is addressed in detail by the court in
23   the Civil Minutes for the October 22, 2013 hearing.  Dckt. 107.

24        The court issued Contempt Order No. 1 on November 5, 2013, and
25   ordered that corrective Sanctions in the amount of $31,915.00 be
26   paid by Brown on or before November 26, 2013, to the Clerk of the
27   Bankruptcy Court for deposit in the United States Treasury.  Dckt.
28   105.  The court also ordered Brown to turn over the 1997 Harley

                                    4

Davidson Red Fat Boy and the 2007 Chevrolet Corvette (the Plaintiff-Trustee having elected to abandoned the interest in the destroyed 2008 Harley Davidson Crossbones to the Debtor pursuant to order of the court, Dckt. 103) to the Plaintiff-Trustee on or before December 19, 2013.

The court also ordered Brown to pay corrective Sanctions in the amount of $2,532.00 in attorneys' fees and $151.34 to compensate the estate for that portion of the damages caused by Brown's failure to comply with the Judgment and orders to turn over the vehicles. Contempt Order No. 1.[2]

Finally, Contempt Order No. 1, notified Brown that further corrective sanctions in the amount of $750.00 a day for each day after from and after December 1, 2013, that he failed to comply with the court's orders to turn over the vehicles to the Plaintiff-Trustee.

At the continued hearing on December 19, 2013, court determined that the vehicles had not been turned over to the Trustee and Brown had not complied with Contempt Order No. 1. Civil Minutes, Dckt. 115. The court then issued Contempt Order No. 2 on December 30, 2013, which ordered Brown to turn over the 1997

---

[2] As shown by the progression of orders and hearings, the court has painstakingly provided Brown with notice well in advance of the imposition of any sanctions, affording him the opportunity to avoid paying anything in sanctions. The sanction dollar amount have been set to bear a relation to the assets at issue and what the court believes would provide the corrective incentive for Brown to comply with the order rather than gamble that there is an economic upside to violating the order. It was not until after Brown failed to comply with the Judgment, failed to appear at the first hearing on the Motion, failed to comply with the turn over of the vehicles by September 4, 2013, as he and his counsel represented, and another order to turn over the vehicles by October 15, 2013, did the court order any monetary sanctions to be paid by Brown.

Harley Davidson Red Fat Boy Motorcycle and the 2007 Chevrolet Corvette on or before January 31, 2014. Dckt. 112. In addition, the court ordered that corrective sanctions in the amount of $750.00 a day be paid by Brown for each day after December 1, 2013, that Brown failed to turn the two vehicles over by that date. The hearing on the Order to Show Cause for Contempt Order No. 2 has been continued to August 21, 2014. Dckt. 130.

The court has authorized the Plaintiff-Trustee to enforce sanctions Brown is ordered to pay the Clerk of the Court, in addition to the Plaintiff-Trustee being the authorized person to enforce the Judgment for the bankruptcy estate. The Plaintiff-Trustee has also been authorized to employ a collection attorney to enforce the monetary sanctions to be paid to the Clerk of the Court and the Judgment. Order Authorizing Employment of Special Counsel, Dckt. 121.

## RELIEF REQUESTED IN *EX PARTE* MOTION

The Plaintiff-Trustee requests in the Motion an order "which supplements the Judgment" to determine that a "grand total" of $34,979.89 may be the subject of enforcement by the Plaintiff-Trustee pursuant to Federal Rule of Bankruptcy Procedure 7069(a) and the applicable non-bankruptcy enforcement of judgment law in California. Further, for the order to determine the total aggregate of all sanctions imposed, plus interest costs and fees previously ordered, to enable Plaintiff-Trustee to enforce those amounts.

Further, for an order that "would designate Michael D. McGranahan, Trustee, as and for the designee and agent for the court in the enforcement of the Sanctions Order as supplemented."

6

Finally, for the court to "consolidate" the Judgment and Sanctions into "one Consolidated Judgment" which aggregates the amounts due into one, final, total balance.

The Plaintiff-Trustee requests that in enforcing the "Consolidated Judgment" he be permitted to first apply any monies collected to the Judgment and then to the Sanctions ordered to be paid to the Clerk of the Court.

The Plaintiff-Trustee further requests that the court order the Clerk of the Court to issue "any and all writs, abstracts, supplemental process, or other process as may be authorized under FRBP 7069 and FRBP 2004, or otherwise, in which Timothy Brown shall be designated as the Judgment Debtor and 'Michael D. McGranahan, Trustee and designee of the United States Bankruptcy Court, Eastern District of California,' as and for the Judgment Creditor."[3]

Finally, the Plaintiff-Trustee requests that this court order the United States Marshal, in any District in California, to "enforce the Writ of Execution as drafted herein." As with the request for an order for the Clerk of the Court, this request that the court order the United States Marshals to do certain acts is troubling. First, the court cannot identify the "Writ of Execution as drafted herein" referenced in the Motion. None has been filed as an exhibit, nor is a draft attached (which would be improper

---

[3] This request raises several questions for the court. It appears to indicate that the Clerk of the Court is failing to fulfill his duties and issues such writs, abstracts and other process authorized under the Federal Rules of Bankruptcy Procedure. No evidence of such has been presented to the court. Secondly, it requests that the Clerk of the Court be ordered to so comply with such order when the Plaintiff-Trustee is the "designee of the bankruptcy court for the Judgment Creditor." The Motion does not define how the Bankruptcy Court is the "Judgment Creditor" for the "Consolidated Judgment."

under the Local Rules) to the Motion or Declaration.

Second, the Plaintiff-Trustee offers no argument or evidence as to why this court ordering the United States Marshals to do something is warranted. There is no contention that the United States Marshal in any District of California is not complying with the law or otherwise fulfilling his or her obligations in the enforcement of judgments. Just as this court would not redundantly order the Plaintiff-Trustee "to do your duties as provided under the Bankruptcy Code" if a party requested, the court will not do so merely because a bankruptcy trustee requests it.

### DECLARATION OF DAVID J. COOK

The declaration of David J. Cook has been provided in support of the Motion. Mr. Cook is a very experienced attorney, specializing in the enforcement of judgments. Mr. Cook testifies that where there are multiple judgments to be enforced by one party, it can lead to duplicate expenses in obtaining and enforcing writs of execution. He recounts having to enforce two separate writs for one creditor, which he concluded increased the costs by 50 percent, "only because the Sheriff required fees and costs predicated upon each separate writ."[4]

### ANALYSIS AND AUTHORITIES CITED BY PLAINTIFF-TRUSTEE

In making the request for a consolidated judgment in the

---

[4] The Declaration does not state whether the 50 percent increase in that case was from $500.00 to $750.00, or $10,000.00 to $15,000.00. The former offers little basis for the parties expending resources on requesting and then the court being placed in a position as to how and what legal order could be issued. To the extent that the Plaintiff-Trustee took a, "what the heck, ask for it, it doesn't cost anything to make the court do work," such a premise is flawed. In addition to the waste of judicial time and resources, such a trustee and counsel suffer diminishment in their reputation among their peers.

8

amount of $34,979.89, the Plaintiff-Trustee does not cite any legal authorities for the request.  No points and authorities is filed in support of the present Motion.  In his declaration, Mr. Cook makes no reference to a legal basis for solving the "problem" he perceives.  Rather, it appears that the Plaintiff-Trustee merely requests that the court create something out of whole cloth because it might make life easier and more profitable.  Alternatively, the Plaintiff-Trustee may believe that because a portion of what he has been authorized to enforce are sanctions to be paid to the Clerk of the Court, he and his attorneys can assign the research work to the court rather than have the professionals engaged by the Plaintiff-Trustee provide those services.  Neither presents an appealing argument for the Plaintiff-Trustee.

Additionally, the Plaintiff-Trustee offers the court no explanation or analysis as to how he computes the "grand total" for the Supplemental Judgment to be $34,979.89.  Rather, the court (without being offered any evidence) is told to issue the Supplemental Judgment in that amount.

## DISCUSSION

The court is left confused and a bit bewildered after reviewing the Motion and the declaration of David Cook, a recognized collection attorney.  Starting with the Judgment in the Adversary Proceeding, the court cannot identify from the Adversary Proceeding Docket any notices of election for issuance of a monetary judgment.  Possibly the present *Ex Parte* Motion was intended to be such Notice.  However, that is not clear.  At this point in time, the awards by this court requiring monies to be paid by Brown are:

9

| | Sanctions to Be Paid to the Clerk of the Court | Owed to Plaintiff-Trustee |
|---|---|---|
| **Contempt Order No. 5** | | |
| Sanctions to be Paid the Court | $31,915.00 | |
| Sanctions to be Paid the Trustee | | $2,683.34 |
| | | |
| **Judgment** | | |
| Fee and Cost Award to be Paid the Trustee | | $   381.55 |

There is pending the computation of sanctions for the $750.00 a day from December 1, 2013.  Further, if Plaintiff-Trustee has properly complied with the Judgment and provided the notice of election for the monetary award of damages in lieu of the turnover of the vehicles, he does not provide a computation of that amount.

If the Trustee has elected to have a supplemental judgment for the monetary value of the 1997 Harley Davidson Red Fat Boy Motorcycle (determined in the Judgment to have a value of $7,000.00) and the 2007 Chevrolet Corvette (determined in the Judgment to have a value of $24,915.00) in lieu of possession of the two vehicles, then the monetary portion of the Judgment for the Plaintiff-Trustee increases by $31,915.00.  When added to the fees and costs allowed as sanctions for the Trustee and in the Judgment, this would then equal the $34,979.89 amount which appears in the Motion.  However, the court cannot identify how the Trustee has provided the notice of such election as required by the Judgment.

### HEARING REQUIRED FOR MOTION

Upon review of the Motion, the files in the bankruptcy case and the Adversary Proceeding, and the declaration, the court has

10

determined that a hearing is required to address several issues. The first is what basis exists, and what is the legal effect of, the "consolidation" of the Judgment and the Sanctions ordered by the court into one "Consolidated Judgment." As envisioned by the Plaintiff-Trustee, the court cannot determine if the "Consolidated Judgment" is a judgment in a separate adversary proceeding.

Second, in suggesting that when monies are collected on the "Consolidated Judgment," what basis exists for providing for payment first for the bankruptcy estate's judgment and only after all of that is collected to the Plaintiff-Trustee's satisfaction is effort made to enforce the Sanctions ordered by this court.

Third, the Plaintiff-Trustee must provide documentation that he has provided the Notice(s) of the Trustee exercising the election to enforce the monetary judgment in lieu of the judgment for possession.

Based upon the Motion, evidence and the files in the Adversary Proceeding and the Bankruptcy Case, the court has tentatively determined that the proper relief which should be granted pursuant to the Motion is:

A.    The court shall issue an order pursuant to Federal Rule of Civil Procedure 69, Federal Rule of Bankruptcy Procedure 7069, California Civil Code § 699.510 et seq., and 11 U.S.C. § 105(a) that the Judgment and the Sanctions may be enforced by the Plaintiff-Trustee through one common writ of execution, one common abstract of judgment, and such other common enforcement orders that may be issued by the court or the Clerk of the Bankruptcy Court. The writ of execution shall be in the combined amount of the Judgment and Sanctions, plus interest, costs and expenses as

permitted by law.  The writ of execution shall bear the Adversary Proceeding number and the Bankruptcy Case and Docket Control numbers for the Sanctions.  The writ of execution, abstract of judgment, or other enforcement order shall be filed in both the Adversary Proceeding and the Bankruptcy Case by the Clerk of the Court.

B.    The monies obtained pursuant to the writ of execution or other enforcement of the Judgment and the Sanctions shall be allocated  equally (50/50) in monetary amount to the Judgment and Sanctions by the levying officer, the Plaintiff-Trustee, and the Clerk of the Court.  All expenses and costs paid from the monies obtained from the enforcement of the Judgment and Sanctions shall also be equally divided between the two.

C.    The combined monetary amounts in one writ of execution are appropriate under the extraordinary circumstances of the Judgment and Sanctions.  The Plaintiff-Trustee has been authorized by the court to have the Sanctions enforced in the same manner as a judgment, as well as being the party to have the monetary Judgment enforced.  The amounts of the Sanctions and Judgment are approximately equal.  The equal allocation of the monies precludes there being any conflict for the Plaintiff-Trustee and counsel in whether the Sanctions or the Judgment should be enforced first.[5] The use of one writ of execution or other judgment enforcement

---

[5]   This also precludes a "race to the assets" by the Plaintiff-Trustee in enforcing the estate's judgment and the U.S. Attorney enforcing the Sanctions payable to the Clerk of the Court.  For Brown, this minimizes the costs and expenses as the Plaintiff-Trustee and U.S. Attorney fulfil their respective obligations in rushing to get orders, writs, abstracts, and garnishments before the other one beats him or her to the punch.

12

1  remedy reduces the costs and expenses of enforcement – for which
2  Brown is ultimately liable.

3       D.   Though issued as corrective sanctions to induce Brown to
4  comply with the simple task of turning over the two vehicles as
5  ordered, his failure to comply has caused the $750.00 in sanctions
6  to balloon to  $136,500.00 (computed as 182 days from December 1,
7  2013, through May 31, 2014, times $750.00 a day).  Though entirely
8  of his own making, such amount could be incorrectly construed as
9  having passed from being corrective to becoming punitive.  This
10  court leaves (and is so required to leave) the issuance of punitive
11  sanctions to the United States District Court.

12       The court reduces the corrective portion of the sanctions to
13  $75.00 a day, which totals $13,650.00.   That is  less  than
14  50 percent of the monetary value of the vehicles at issue.  The
15  court  leaves  the  $122,850.00  balance  of  the  sanctions  for
16  determination by the District Court, if there are any further
17  proceedings for punitive sanctions.

18       E.   Based upon a proper showing that the Notice(s) of
19  Election  to  enforce  the  monetary  Judgment  for  the  vehicles
20  previously granted by this court, a supplemental judgment in the
21  Adversary Proceeding shall be entered for $31,915.00 for the value
22  of the vehicles determined by the court, $2,683.34 for costs,
23  interest,  and  further  recoverable  costs  and  expenses  of
24  enforcement.

25       F.   The  court  shall  issue  a  current  updated  Order  For
26  Sanctions  in  the  total  amount  of  $45,565.00  ($31,915.00  and
27  $13,650.00 corrective sanctions previously awarded), and setting
28  the further hearing on the Motion for Contempt for **November 6, 2014**

13

1  **at 10:30 a.m.**

2      The court shall issue an order setting a hearing on the

3  Plaintiff-Trustee's Motion to be conducted at **10:30 a.m. on**

4  **July 24, 2014** to address the Motion.  Notice of Election for the

5  monetary judgment in lien of the turn over of the vehicles shall be

6  made on or before **June 30, 2014.**  Opposition or response to the

7  Motion or Notice(s) of election of monetary judgment for the

8  vehicles in lieu of possession shall be filed and served on or

9  before **July 16, 2014.**  Replies thereto filed and served on or

10  before **July 21, 2014.**

11  Dated: June 23, 2014

12

13                                RONALD H. SARGIS, Judge

14                                United States Bankruptcy Court

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Instructions to Clerk of Court
## Service List - Not Part of Order/Judgment

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked _____, via the U.S. mail.

        **Debtor**(s), **Attorney for the Debtor**(s), **Bankruptcy Trustee** (if appointed in the case), and __XX___ Other Persons Specified Below:

Office of the U.S. Trustee
Robert T. Matsui United States Courthouse
501 I Street, Room 7-500
Sacramento, CA 95814

Carl W. Collins
P.O. Box 3291
Modesto, CA 95353-3291

David Foyil
Law Office of David Foyil
18 Bryson Drive
Sutter Creek, CA 95685

Timothy Brown
17480 High School Rd.
Jamestown, CA 95327

Timothy Brown
P.O. Box 458
Jamestown, CA 95327-0458

Timothy Brown
14997 Camage Rd., #A
Sonora, CA 95370

Timothy Brown
14997 Camage Rd.
Sonora, CA 95370

Michael R. Germain
945 Morning Star Drive
Sonora, CA 95370

Patrick B. Greenwell
945 Morning Star Drive
Sonora, CA 95370